IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LOVELAND ACADEMY L.L.C., PATRICIA DUKES, PH.D, and PARENTS AT LOVELAND SCHOOL,<br><br>Plaintiffs,<br><br>vs.<br><br>PATRICIA HAMAMOTO, Superintendent of the Hawaii Department of Education, HERBERT S. WATANABE, Chairperson, Hawaii Board of Education,<br><br>Defendants. | CIVIL NO. 02-00693 HG-LEK |

**ORDER ADOPTING IN PART, REJECTING IN PART, AND MODIFYING IN PART, SPECIAL MASTER'S NOVEMBER 30, 2007 REPORT AND RECOMMENDATION**

This case involves the State of Hawaii's obligation to provide educational services to certain children under the Individuals with Disabilities Education Act.

On June 4, 2004, the parties entered into a Release and Settlement Agreement. As part of the Release and Settlement Agreement, the parties agreed to the appointment of a Special Master to resolve accounting issues between Loveland Academy, LLC and the State of Hawaii, Department of Education ("DOE"). The parties agreed that the Special Master appointed by the Court "shall complete an accounting of the amount owed to Loveland Academy at the Agreed Upon Rate, and shall submit that accounting

as a special master's report and recommendation ("R&R") to District Judge Helen Gillmor for her review and adoption." (Release and Settlement Agreement at p. 3, ¶ 3.) The parties further agreed "to waive any appeal of and/or objections to the Special Master's R&R." (Id. at ¶ 4.)

The Court appointed John Candon as the Special Master. The Special Master prepared a report, dated November 30, 2007 and filed with the Court under seal on December 10, 2007 (Doc. 98), summarizing his findings and conclusions regarding Loveland's claim for unpaid invoices and the DOE's allegation that said invoices are inaccurate. The R&R concluded that Loveland has been overpaid by $140,689.28.

## STANDARD OF REVIEW

A magistrate judge or special master may be assigned to prepare findings and recommendations for a district judge on a pretrial matter that is dispositive of a claim. Fed. R. Civ. P. 72(b). If a party to the proceedings objects to the magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge with further instructions. Raddatz, 447 U.S. at 673-74.

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered.  See Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992).  The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

## ANALYSIS

The Court adopts in part and rejects in part the Special Master's R&R.  The Court adopts the R&R with the following two exceptions.

First, the Court notes that the "Brief Background" section of the R&R states that the parties reached a settlement agreement in 2005.  This is incorrect.  The parties entered into the Release and Settlement Agreement in June 2004.

Second, the Court disagrees with one of the assumptions upon with the R&R's conclusion regarding the overpayment to Loveland is based.  The R&R identified "two categories of exceptions"; one of which involves the "lack of Daily Progress Reports to support certain Therapeutic Aide and BPSR Program charges."  The R&R made deductions for charges not supported by Daily Progress Reports. The Court disagrees with the conclusion that charges not supported by Daily Progress Reports should be deducted.  As Loveland pointed out, Daily Progress Reports were not required by

contract, and, as the R&R acknowledges, "Loveland provided other documents such as service logs which record the time charges of clinicians and/or attendance records . . ."

The evidence provided by Loveland, although not in the form of Daily Progress Reports, is sufficient evidence of the services provided by Loveland to the students.  As such, the Court rejects the R&R insofar as it deducted transactions not supported by Daily Progress Reports from the total billings.  The amount deducted for this exception equaled $277,397.12.  The Court adds this amount back into the R&R's reduction of Loveland's total billings ($8,122,484.32 plus $277,397.12), for a total of $8,399,881.44.  Comparing this amount to the $8,263,173.60 previously received by Loveland, the Court finds that Loveland has been **underpaid by $136,707.84.**  The R&R is modified accordingly.

//
//
//
//
//
//
//
//
//

**CONCLUSION**

For the foregoing reasons,

(1) The Special Master's R&R (Doc. 98) is **ADOPTED IN PART, REJECTED IN PART, AND MODIFIED IN PART** as set forth herein.

(2) The Court finds that Loveland Academy, LLC has been underpaid by $136,707.84.

IT IS SO ORDERED.

Dated: March 13, 2008, Honolulu, Hawaii.



                         /s/ Helen Gillmor

                         Chief United States District Judge

_____
LOVELAND ACADEMY, LLC et al. v. PATRICIA HAMAMOTO; Civ. No. 02-00693 HG-LEK; ORDER ADOPTING IN PART, REJECTING IN PART, AND MODIFYING IN PART, SPECIAL MASTER'S NOVEMBER 30, 2007 REPORT AND RECOMMENDATION