IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LOVELAND ACADEMY L.L.C., PATRICIA DUKES, PH.D., and PARENTS AT LOVELAND SCHOOL,<br><br>                    Plaintiffs,<br>vs.<br><br>PATRICIA HAMAMOTO, Superintendent of the Hawaii Department of Education, HERBERT S. WATANABE, Chairperson, Hawaii Board of Education,<br><br>                    Defendants. | CV 02-00693   HG-LEK<br><br>DECLARATION OF CYNTHIA S. NAKAMURA; EXHIBITS "1.1"-"1.8" |

## DECLARATION OF CYNTHIA S. NAKAMURA

Pursuant to 28 U.S.C. § 1746, CYNTHIA S. NAKAMURA, hereby declares:

1.      I am an attorney of record for Plaintiffs Loveland Academy, L.L.C., Patricia Dukes, Ph.D., and Parents At Loveland School (hereinafter "Plaintiffs"), represented Plaintiffs before this Court and make this declaration from my own personal knowledge.

1

2. I am an attorney licensed to practice law in all courts of the State of Hawaii and in the United States District Court for the District of Hawaii.

3. I was employed by the Department of the Prosecuting Attorney of the City and County of Honolulu from 1983 to 1989 where I was in the Felony Trials Section handling major felony cases.

4. I was employed by Department of Commerce and Consumer of the State of Hawaii from 1990 to 2000 and from 1992 to 2000 was the supervising attorney of the Regulated Industries Complaints Office. During that time, I handled numerous administrative matters before the Boards and Commissions and numerous civil matters before the various state courts.

5. Since 2000, I have been in private practice. A significant portion of my work has dealt with litigation and trials. During my career, I have had extensive experience in criminal and civil litigation, and have appeared as lead counsel in over thirty (30) jury trials. Over the years, I have appeared before the state courts, Hawaii appellate courts and the United States District Court for the District of Hawaii on a variety of matters, including matters brought pursuant to the Individuals With Disabilities Education Act ("IDEA"). The substantive issues asserted in many of said cases have included rights protected under the United States Constitution, rights protected under the Hawaii state constitution and the

right to a free appropriate public education under federal and state law. I have also handled countless administrative cases and have appeared before all of the hearings officers of the Office of Administrative Hearings of the Department of Commerce and Consumer Affairs. Said administrative cases have included IDEA cases.

6. A significant portion of my litigation work involves cases brought on behalf of disabled students and their families under the IDEA. I take IDEA cases on a contingency fee basis, relying on the fee statute for payment, receiving statutory attorneys' fees and costs only if successful. I am selective in accepting cases and handle only cases in which I believe a disabled student is eligible for special education and related services.

7. I have billed at the hourly rate of $250.00 in IDEA cases since 2003. This rate and the award sought are consistent with rates and awards made in other cases under the IDEA within the legal community in Hawaii.

8. Attorney's fees in the amount of $13,600.00 in fees, $576.39 in general excise taxes and costs for copies in the amount of $111.93 for a total of $14,288.32 remain unpaid in this matter.

9. Attached to the instant Declaration as Exhibits 1.1-1.8 is a statement of the attorney's fees and costs in this matter, including a breakdown by category as required by LR 54.3(b). I used ordinary billing judgment in preparing this

statement and did not include routing, but minor, expenditures of time such as, for example, responding to client telephone calls and electronic mail messages. I have reviewed all of my time records and am confident the attached invoices accurately reflect my time expended on this case.

10. The amount of time incurred in this case was due to its complex nature and the voluminous documentation associated with it which precluded me from accepting other clients. Based on the issues raised in this case and the Defendants' challenges to Plaintiffs' rates for services, services provided and students involved, a significant portion of my time was spent reviewing and analyzing Plaintiffs' billing records and historical documentation pertaining to past records and invoices for children attending Plaintiffs' school, and in preparing for depositions and trial on the merits.

11. Through his work in individual cases arising under IDEA, I have known Carl M. Varady professionally for more than six years, and I am familiar with his legal work and the results he has obtained for his clients.

12. Civil rights cases of this nature are time-consuming and costly. In using the "Lodestar" practice for reimbursing fees (hours reasonably expended times hourly rate), the courts assure that litigants' attorneys are fairly compensated and that even in difficult cases there are opportunities for federal civil rights

litigants to find attorneys, especially where, as here, there are few attorneys to take on such cases.

13.   I am familiar with Mr. Varady's work and career, through informal review of his work and the matters described in his declaration and through working with him in this matter. I also have reviewed Carl M. Varady's fee and cost statement in the present case, which Mr. Varady took on a contingent basis. Mr. Varady's billing rate of $295.00 is commensurate with his experience in IDEA matters and consistent with prevailing rates for attorneys with similar experience who work on IDEA cases. The billing rates in such cases vary widely, from $185.00 to $325.00. Mr. Varady's rates are consistent with his experience and long history of work on IDEA issues, including participation as class counsel in the *Felix* case.

14.   While the attorneys' fees incurred in this case are substantial, they represent six (6) years of work in which Plaintiffs, through Mr. Varady and myself, sought to remedy the Department fo Education's ("DOE") refusal to reimburse Plaintiffs for the costs of special education and related services provided to special education students, despite administrative and civil awards in Plaintiffs' favor and despite the DOE having placed students at Plaintiffs' school.

15. This case was particularly demanding and involved a failed mediation proceeding, numerous pleadings and many court appearances.

16. In reviewing the fee statement, I conclude that Mr. Varady used ordinary billing judgment in preparing this statement and did not include routine, but minor, expenditures of time for routine telephone calls, wrote off as "non-billable" minor expenditures of time and, where appropriate, and used his legal assistant to prepare exhibits and documents for hearing.

17. The amount of time incurred in this case was due to its complex nature, and most likely precluded Mr. Varady from accepting other clients.

18. The costs incurred are reasonable and are directly related to the presentation of this case. They represent: in house photocopying of pleadings filed with the Court and served, and Court filing fees that routinely are incurred in such cases.

I declare under the penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, May 19, 2008.

CYNTHIA S. NAKAMURA