## RELEASE AND SETTLEMENT AGREEMENT

THIS AGREEMENT, made and entered into this 4th day of June 2004, by and between the State of Hawaii, the Superintendent of the Department of Education, and the Chairperson of the Board of Education, by its representative the DEPARTMENT OF EDUCATION (DOE, hereinafter referred to collectively as Releasee") and PATRICIA DUKES (hereinafter referred to as "Releasor"), individually and on behalf of Loveland Academy, L.L.C, Parents at Loveland Schools (PALS), and those students who have had their rights assigned under the Individuals with Disabilities Education Act to Loveland Academy.

### I. RECITALS

A.      Releasor, through her attorney, Carl M. Varady, filed two lawsuits. The first was in the Circuit Court for the First Circuit, State of Hawaii, designated as <u>Loveland Academy, L.L.C, Parents at Loveland School v. State of Hawaii, and Doe Entities 1-10</u>, Civil No. 02-1-2544-10. The second was in the United States District Court for the District of Hawaii, designated as <u>Loveland Academy, L.L.C, Patricia Dukes, Ph.D., and Parents at Loveland School v. Patricia Hamamoto, Superintendent of the Hawaii Department of Education, Herbert Watanabe, Chairperson, Hawaii Board of Education</u>, Civil No. 02-00693 HG-LEK.

On March 10, 2004, Releasor filed a Motion for Preliminary Injunction in U.S. District Court seeking, in part, for Releasee to "immediately reimburse the parents of A.K., J.R., P.G-M, M.S., N.R-R, J.B., C.W-P, G.K-R, T.J., A.E.1 and A.E.2 or their assignee Loveland Academy, L.L.C, for costs associated with their special education and related services provided pursuant to settlement agreements or hearing officer's orders under 20 U.S.C. § 1415(f)." The corresponding names of the students indicated by the initials are found in the Declaration of Patricia Dukes, filed that same day.

94413_7.DOC

EXHIBIT 1

On March 22, 2004, the Court in Loveland, et al. v. Hamamoto, et al., Civil No. 02-00693 HG-LEK, granted Plaintiffs' Motion for Preliminary Injunction and trial on the permanent injunction was set for May 18, 2004. Settlement was placed on the record on May 4, 2004, following settlement conference on that same date.

Releasor has made allegations that may relate to the breach of federal and/or state laws in relation to Defendants, including but not limited to the failure to provide a free and appropriate public education under the Individuals with Disabilities Education Act.

B.  The parties hereto desire to enter into this release and settlement agreement in order to provide for the full and final settlement and discharge of all claims which have been, or might be made, by reason of the claims described in Recitals A above, upon the terms and conditions set forth below:

1.  The parties agree that there are three relevant groups of students. Group 1 is defined as the students who were placed at Loveland Academy either by settlement agreement or hearings officer's order. Group 2 is defined as those students for whom placement is not currently disputed by Releasee, but instead the rate for services is at issue. Group 3 is defined as those students for whom the parties disagree as to whether the students are entitled under the Individuals with Disabilities Education Act to be attending Loveland Academy, and hence whether the State is obligated to reimburse Releasor for special education and related services provided at Loveland Academy.

2.  Loveland Academy will be paid for services for Groups 1 and 2 for the period of July 1, 2002 through June 30, 2005, for special education and related services provided as described in the original contract between Loveland Academy and the Department of Health, which expired on June 30, 2002 (the

"DOH Contract"). The rates for special education and related services will be paid at 23% over the rates schedule previously provided for in the DOH Contract ("Agreed Upon Rate").

3. The Special Master appointed by the Court in Loveland, et al. v. Hamamoto, et al., Civil No. 02-00693 HG-LEK, shall complete an accounting of the amount owed to Loveland Academy at the Agreed Upon Rate, and shall submit that accounting as a special master's report and recommendation ("R&R") to District Judge Helen Gillmor for her review and adoption.

4. The parties agree to waive any appeal of and/or objections to the Special Master's R&R.

5. Payment by Releaseee of the amounts determined owed under this settlement agreement shall be made by Releasor as follows:

    A. $250,000 shall be paid by May 11, 2004;

    B. $750,000 shall be paid by June 4, 2004;

    C. $500,000 shall be paid no later than 30 days after the Order Adopting the Special Master's R&R is filed;

    D. The balance shall be paid no later than 60 days after the Order Adopting the Special Master's R&R is filed.

6. Loveland Academy shall be paid attorney's fees and costs in the amounts determined by Magistrate Judge Leslie E. Kobayashi after the parties submit their motion and supporting and opposing memoranda and supporting documents. The parties agree to waive any appeal of and/or objections to the Magistrate Judge's Findings and Recommendation.

7. Future billings, shall be paid by the State of Hawaii, Department of Education ("DOE") within 30 days after receipt of the invoice from Loveland Academy.

8. The parties agree to submit any billing disputes to the Special Master, with each party to pay one-half of the Special Master's fees and costs incurred in determining such disputes.

9. The parties will dismiss with prejudice the federal lawsuit and state lawsuit, with this settlement agreement being filed as an Exhibit to the stipulation to dismiss.

10. The parties will execute this written settlement agreement.

11. The parties agree to have DOE perform a fiscal audit of Loveland Academy, and to have CARF perform a program audit with input and review by Kate Gibbons of DOE.

12. Loveland Academy specifically reserves and excludes from this settlement any and all claims that it may have against the Department of Health regarding the DOH Contract claims pending administrative appeals regarding these claims.

13. Claims for all students for which the parties disagree as to whether the students are entitled under the Individuals with Disabilities Education Act to be attending or receiving special education or related services at Loveland Academy are expressly excepted from this Settlement and Release. Nothing in this Settlement and Release or the filing and dismissal of this action shall be deemed to extinguish, act as an estoppel or preclude relief on claims for special education or related services provided by Loveland Academy, including, without limitations, claims for reimbursement, brought by any parent or guardian of a child who has received such special education or related services and for whom the parties disagree as to whether the students are entitled under the Individuals with Disabilities Education Act to be attending or receiving special education or related services at Loveland Academy.

14. Except for those claims expressly reserved, Releasor and Releasee agree to release any and all claims that were brought in the federal and state lawsuits, or which could have been brought, arising out of the services rendered by Loveland Academy to the students on whose behalf the lawsuits were filed. Expressly reserved claims include: (1) all claims arising under the DOH Contract; (2) all claims for all students for which the parties disagree as to whether the students are entitled under the Individuals with Disabilities Education Act to be attending or receiving special education or related services at Loveland Academy (i.e., Group 3) and hence whether the State is obligated to reimburse Releasor for special education and related services provided at Loveland Academy; and (3) claims of attorneys' fees and costs incurred in <u>Loveland Academy, LLC, Parents at Loveland School v. State of Hawaii and DOE Entities 1-10</u>, Civil No. 02-1-2544-10, and <u>Loveland Academy, et al. v. Hamamoto, et al.</u>, Civil No. 02-00693 HG-LEK.

## II. RELEASE AND AGREEMENT

WHEREAS, Releasor and Releasee have engaged in full and complete discussions of the issues raised by each side and the parties having reached an agreement on the disposition of this case without further court or administrative hearing, Releasor and Releasee agree that:

In consideration of the provisions set forth in Section I above, the Releasor hereby completely waives, and releases, and forever discharges the Releasee from any and all claims or demands, obligations, actions, causes of actions, rights, damages, costs, expenses, attorneys fees, and any compensation of any nature whatsoever, arising out of the claims described in Recital A above, except

those claims expressly reserved, up to and including the date of this Settlement and Release.

The provisions set forth and recited herein are intended to compensate the Releasor for any and all special education services incurred or allegedly omitted, and for substitute special education services, loss of income, attorneys' fees, and any element of special damages arising out of the claims described in Recital A above, except those claims expressly reserved.

This Release and agreement shall apply to the Releasor's past, present, and future officers, directors, attorneys, employees, predecessors, and successors in interest.

This Release shall be a fully binding, and complete settlement between the Releasor, and the Releasee, and their respective representatives, heirs, assigns, and successors as to the claims described in Recital A above. The Releasor acknowledges and agrees that the release and agreement set forth above is a general release. Releasor expressly waives and assumes the risk of any and all claims for special education services through the date of the execution of this settlement agreement, and those claims of which the Releasor does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which if known, would materially affect Releasor's decisions to enter into this release and agreement, except those claims expressly reserved.

The Releasor further agrees that she has accepted the services and concessions specified herein as a complete compromise of all current matters

involving disputed issues of law and fact, except those claims expressly reserved. Releasor assumes the risk that the facts or law may be other than she believes. It is understood and agreed to by the parties that this release and settlement agreement is a compromise of disputed claims, and the payments are not to be construed as an admission of liability on the part of the Releasee by whom liability and obligation are expressly denied.

### III. DENIAL OF LIABILITY

Releasee denies liability, negligence, breach of duty, breach of any assignment, misconduct, violation of federal and state statutes and laws, and/or wrongdoing of any kind, character or nature whatsoever, and the consideration paid by the Releasee to Releasor is solely in compromise of disputed claims.

### IV. WARRANTY OF CAPACITY TO EXECUTE AGREEMENT

Releasor represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this release and settlement agreement, except as otherwise set forth herein; that Releasor has the sole right and exclusive authority to execute this release and settlement agreement and receive the sums specified in it; and that Releasor has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this release and settlement agreement.

## V. GOVERNING LAW

This release and settlement agreement shall be construed and interpreted in accordance with the laws of the State of Hawaii.

## VI. ADDITIONAL DOCUMENTS

All parties agree to cooperate fully and execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this release and settlement agreement.

## VII. NO RELIANCE BY RELEASOR

Releasor and his counsel have not relied upon any express or implied representation of Releasee, or any of its directors, officers, employees, or predecessors as to the tax consequences of this release and settlement agreement, and Releasor releases Releasee from any and all liabilities in connection with such tax consequences.

## VIII. ENTIRE AGREEMENT AND SUCCESSORS IN INTEREST

This release and settlement agreement contains the entire agreement between the Releasor and the Releasee with regard to the matters set forth in it and shall be binding upon, and inure to the representatives, heirs, successors and assigns of each.

## IX. EFFECTIVENESS

This release and settlement agreement shall become effective immediately following execution by each of the parties.

DATED:    Honolulu, Hawaii, June 4, 2004.

*[signature]*
Releasor, PATRICIA DUKES, PH.D.

*[signature]*
Releasee, DEPARTMENT OF EDUCATION, STATE OF HAWAII

APPROVED AS TO FORM

*[signature]*
CARL M. VARADY, ESQ.

Attorney for Releasor

*[signature]*
AARON H. SCHULANER
Deputy Attorney General

Attorney for Releasee