IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| LOVELAND ACADEMY, L.L.C., PATRICIA DUKES, PH.D., and PARENTS AT LOVELAND SCHOOL<br><br>Plaintiff,<br><br>vs.<br><br>PATRICIA HAMAMOTO, Superintendent of the Hawai'i Department of Education, HERBERT WATANABE, Chairperson, Hawai'i Board of Education,<br><br>Defendants. | CV02-00693 HG/LEK<br><br>DECLARATION OF CARL M. VARADY; EXHIBITS 1-4 |

## DECLARATION OF CARL M. VARADY

Pursuant to 28 U.S.C. § 1746, Carl M. Varady declares:

1. I am the attorney of record for plaintiffs in this matter and make this declaration from my own personal knowledge.

2. Attached hereto as Exhibit 1 is the Settlement Agreement in this case, which resolved the parties' disputes.

      3.     Attached hereto as Exhibit 2, is a copy of a brief recently filed by the DOE in which it asserts that a plaintiff-parent's attorney should not be reimbursed for hours expended in an unsuccessful administrative proceeding that later was reversed on successful appeal to this Court.

      4.     Attached hereto as Exhibit 3, is the letter of March 17, 2008, accompanying the voluminous (309 pp.) records submitted by Defendant to the Special Master and the Court, asserting that a motion for reconsideration would be filed if the Special Master did not reconsider his ruling.

      5.     Defendant notes, correctly, that the filing was not technically completed until 14 minutes after midnight on May 21st. The uploading process took an extraordinary amount of time, even though I had purposefully broken the memorandum and exhibits into small segments and uploading had begun with sufficient time, based on prior experiences. I contacted the CM/ECF representative, Mark Afuso the next day to inquire about the cause of delay, which I had not experienced before. Mr. Afuso informed me that pdf files generated in WordPerfect by use of the "Publish to pdf" function created unforeseen problems for the CM/ECF system and significantly delayed uploads. Until that time, I was unaware of this issue as it was not disclosed in the CM/ECF training and seemed from my conversation with Mr. Afuso to be a newly recognized issue.

      6.     In pointing out the 14-minute delay in completing filing, which

had begun well before midnight, Defendants' attorney neglected to inform the Court that, when Defendants' attorney requested an extension of time in which to file its opposition to Plaintiffs' fee petition in the present case, from June 11, 2008, until and including July 2, 2008, in order to accommodate Defendants' attorneys' child care and summer schedule, I immediately granted the request without objection. Defendant's attorney apparently did not consider it inconsistent with this courtesy, which I have routinely extended to his office from, to refrain from making a point of the 14-minute delay.

7. Attached hereto as Exhibit 4 are copies of the receipts for transcripts, filing and service of process.

I declare under penalty of perjury the foregoing is true.

DATED: Honolulu, Hawai'i, July 3, 2008.

/S/ Carl M. Varady
Carl M. Varady