EXHIBIT 2 TO DECLARATION OF CARL M. VARADY

ORIGINAL

MARK J. BENNETT                2672
Attorney General of Hawaii

AARON H. SCHULANER             6954
HOLLY T. SHIKADA               4017
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawaii 96813
Telephone: (808) 586-1255
Facsimile: (808) 586-1488
E-Mail: aaron.h.schulaner@hawaii.gov

Attorneys for Defendant

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 27 2008

at 3 o'clock and 06 min. P.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| D.C. and G.K., Individually and as Guardian Ad Litem of S.K., an incompetent minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>Defendant. | CIVIL NO. 07-00362 ACK-KSC<br><br>DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE REPORT OF THE SPECIAL MASTER RECOMMENDING THAT PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART; CERTIFICATE OF SERVICE |

291611_4.DOC

DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE REPORT OF THE SPECIAL MASTER RECOMMENDING THAT PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART

I. BACKGROUND

The background of this case is clearly laid out by this Court's Order Reversing Administrative Decision, filed April 11, 2008. Subsequently, on April 25, 2008, Plaintiffs filed their Motion for Award of Attorneys' Fees and Costs. On May 28, 2008, the Honorable Kevin S.C. Chang, issued his report for this Court's consideration. Plaintiffs filed their objection on June 17, 2008.

II. DISCUSSION

    A. PLAINTIFFS FAILED TO ARGUE THEIR ENTITLEMENT TO ATTORNEYS' FEES AND COST FOR THE ADMINISTRATIVE HEARING WITHIN 14 DAYS OF THE ENTRY OF JUDGMENT IN THIS CASE

Judgment was entered on April 11, 2008. On April 25, 2008, Plaintiffs filed a fee application that did not argue any entitlement to fees and costs for the administrative hearing. The Honorable Kevin S.C. Chang noted this in footnote 1 of his Special Master Report. As such, the Court did not consider those fees and costs. Plaintiffs belatedly in its Objection, filed June 17, 2008, attempt to now argue an entitlement to attorney's fees and costs for the administrative hearing. The filing has been made more than 14 days after the entry of judgment in this

case. Local Rule 54.3(a) of the District Court for the District of Hawaii (LR 54.3(a)).

B.  HOURLY RATE.

The Honorable Kevin S.C. Chang correctly found that the current rate for services for Mr. Varady is $275 per hour and the Court thoroughly explained its knowledge of the current market rate and the fact that the maximum hourly rate awarded in Individuals with Disabilities Education Act (IDEA) cases has been $285 per hour for the services of Mr. Levin who has over 26 years experience litigating IDEA cases. There is nothing in Plaintiffs' Objection which would merit Mr. Varady's hourly rate be increased to his proposed hourly rate of $295 per hour.

C.  FAILURE TO COMPLY WITH LR 54.3 (d)

1.  ITEMIZATION OF WORK PERFORMED

Defendant submits that Plaintiffs have failed to clearly organize their descriptions of the work performed by litigation phase as required by LR 54.3(d). There are eight categories stated in the rule. Plaintiffs appears to have created their own categories which overlap to a certain extent, but not completely with the categories established by LR 54.3(d). As such, one of the purposes of the local rule which was to facilitate the review of fee applications and to assist in determining whether a reasonable amount of time was spent on each phase of

litigation was appropriate has been compromised. Local Rule 54.3 has been in effect since December 1, 2002.

2. DESCRIPTION OF SERVICES RENDERED

LR 54.3(d) is clear that Plaintiffs "must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." Plaintiffs bear "the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992).

Defendant submits that Plaintiffs' filing falls short of meeting the requirements of LR 54.3. Plaintiffs' billing entries are consistently vague in their descriptions with the words "prepare," "review, " "draft," "prepare," and "revise" in addition to use of block billing. As such, it is difficult to objectively ascertain the reasonableness of the hours expended in this case.

Plaintiffs' counsel was previously put on notice of the requirements of LR 54.3 by the Honorable Leslie E. Kobayashi, and told that "any future failure to abide by the requirements of the amended rule shall result in significant, if not wholesale, deductions." Report of Special Master on Plaintiffs' Motion for an Award of Attorneys' Fees and Costs, K.L., et al. v. Hamamoto, Civ. No. 03-00334 HG-LEK (D. Haw. June 9, 2004).

As such, it should be no surprise to Plaintiffs' counsel that the Court upon finding problems with the fee application, made deductions. The Court noted that the bill suffered from a use of block billing that made "it difficult, if not impossible for the court to determine the reasonableness of the hours expended." Report of the Special Master at 14. This resulted in "an across-the-board reduction of 15%." Id. at 14. Plaintiffs in their Objection attempts to argue that there was no block billing but a review of the billing entries show the grouping together of numerous activities into billing entries. Even a simple review for the word "and," in addition to commas and semicolons breaking up activities within the billing entries shows that numerous billing entries constituted block billing as there was no breakdown in the amount of time assessed for each of the activities.

3. DESCRIPTION OR EXPENSES INCURRED

With respect to the description of expenses incurred, LR 54.3(d) specifically states "[i]n addition to identifying each requested non-taxable expense, the moving party shall set forth the applicable authority entitling the moving party to such expense and should attach copies of invoices and receipts, if possible." Plaintiffs have not attached any invoices or receipts for any of the expenses being claimed.

III. CONCLUSION

For the foregoing reasons, Defendant submits that the Plaintiffs' Objection should be rejected and that the Court may wish to consider further reducing the award of attorney's fees and costs in this case.

DATED: Honolulu, Hawaii, June 27, 2008.

AARON H. SCHULANER
HOLLY T. SHIKADA
Deputy Attorneys General

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I caused a true and correct copy of the foregoing document(s) to be duly served upon the following parties by HAND-DELIVERY to their respective addresses:

CARL M. VARADY, ESQ.
ASB TOWER
1001 BISHOP STREET, SUITE 2870
HONOLULU, HAWAII 96813

DATED:  Honolulu, Hawaii, June 27, 2008.

_____
AARON H. SCHULANER