# ORIGINAL

MARK J. BENNETT    2672
Attorney General
State of Hawai'i

STEVE K. MIYASAKA  1883
HOLLY T. SHIKADA  4017
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawai'i 96813
Phone: (808) 586-1255
Facsimile: (808) 586-1488
Email: steve.k.miyasaka@hawaii.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 28 2008

at 11 o'clock and 01 min. M.
SUE BEITIA, CLERK

Attorneys for Defendant Department
of Education, State of Hawai'i

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LOVELAND ACADEMY, L.L.C., PATRICIA DUKES, PH.D., and PARENTS AT LOVELAND SCHOOL, | CIVIL NO. 02-00693 HG-LEK |
| | DEFENDANTS' OBJECTION TO REPORT OF SPECIAL MASTER ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS; CERTIFICATE OF SERVICE |
| Plaintiff, | |
| vs. | |
| PATRICIA HAMAMOTO, Superintendent of the Hawai'i Department of Education, HERBERT WATANABE, Chairperson, Hawai'i Board of Education, | |
| Defendant. | |

## DEFENDANTS' OBJECTION TO REPORT OF
## SPECIAL MASTER ON PLAINTIFFS' MOTION FOR
## AWARD OF ATTORNEYS' FEES AND COSTS

Defendants PATRICIA HAMAMOTO, Superintendent of the Hawai'i

Department of Education, HERBERT WATANABE, Chairperson, Hawai'i

Board of Education, ("Defendants") submit Defendants' Objection to Report

of Special Master on Plaintiffs' Motion for Award of Attorneys' Fees and

Costs.

## STATEMENT OF THE CASE

The parties entered into a settlement agreement that was placed on the

record on May 4, 2004. Included in the settlement agreement was a

provision that Plaintiff Loveland Academy "shall be paid attorney's fees and

costs in the amounts determined by Magistrate Judge Leslie E. Kobayashi

after the parties submit their motion and supporting and opposing

memoranda and supporting documents."

On July 27, 2004 Magistrate Judge Kobayashi approved a stipulation

by the parties that provided:

> [T]he Plaintiff shall file their motion asking the Court
> to determine the attorneys' fees and costs not less
> than sixty (60) days and not more than seventy-five
> (75) days after the date the Special Master submits his
> report to the Court.

Magistrate Judge Kobayashi submitted the report of the Special

Master to the Court on November 30, 2007.

Plaintiffs' Motion for Award of Attorney's Fees and Costs ("Motion")

was filed on May 20, 2008.

ARGUMENT

Local Rule 54.3 provides:

> (a) **Time for Filing**. Unless otherwise provided
> by statute or ordered by the court, a motion for an
> award of attorneys' fees and related non-taxable
> expenses must be filed within fourteen (14) days of
> entry of judgment.

Here, Magistrate Judge Kobayashi's approval of the stipulation on

July 27, 2004 was an order of the court. Thus, pursuant to LR54.3,

Plaintiff's were required to file the Motion no later than 75 days after

Magistrate Judge Kobayashi filed the report of the Special Master. In this

case, the report of the Special Master was filed on November 30, 2007. The

75th day following the issuance of the report was February 13, 2008.

Plaintiffs did not file the Motion until May 20, 2008, which was 172 days

after the report of the Special Master.

The only explanation provided by Plaintiffs was that the report of the

Special Master raised questions about who was the prevailing party.

Further, Plaintiffs appeared to suggest that since the Motion was filed within

14 days of the entry of judgment, they were in compliance with the time for filing of the Motion.

Magistrate Judge Kobayashi construed Plaintiffs' Motion as including a Motion to Extend Time for Filing of the Motion for Award of Attorney's Fees and Costs. Magistrate Judge Kobayashi found that Plaintiffs' mistaken belief that they could not file the Motion constituted "excusable neglect."

Defendant objects to Magistrate Judge Kobayashi's report and recommendation only in so far as it was found that Plaintiffs' failure to file within the required time period constituted "excusable neglect."

Federal Rules of Civil Procedure Rule 6(b)(1)(B) provides:

> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause extend the time:
>
> * * * *
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

The 9th Circuit Court of Appeals in two cases dealt with similar situations. The Committee for Idaho's High Desert, Inc., v. Yost, 92 F.3d 814, 825 (1996) dealt with a request for attorney's fees and costs and the failure to comply with the 14 day deadline. The Court affirmed the denial of attorney's fees and costs and stated that the district court did not abuse its

discretion by holding that counsel's ignorance of an amended procedural

requirement for the filing of a request for attorney's fess was not excusable

neglect.

Further, in Kyle v. Campbell Soup Company, 28 F.3d 928, (C.A. 9

1994), the 9th Circuit Court of Appeals held that:

> In this case, the district court found that counsel
> Acted in good faith, that he had not demonstrated
> professional incompetence, and that Campbell Soup
> would not be prejudiced by allowing the time
> enlargement. Although these factors might support a
> finding of excusable neglect in a case involving
> different facts, we hold that they do not suffice where
> the only claimed neglect is an attorney's addition of
> three days for service by mail to a time period running
> from docketing of an order or judgment.

The 9th Circuit Court of Appeals in Kyle, also cited a decision by the

3rd Circuit Court of Appeals, Dominic v. Hess Oil V.I. Corp., 841 F.2d 513

(C.A. 3 1988). In that case, the 9th Circuit Court of Appeals stated:

> 1) whether the inadvertence reflected professional
> incompetence such as ignorance of rules of
> procedure, 2) whether an asserted inadvertence
> reflects an easily manufactured excuse incapable of
> verification by the court, 3) counsel's failure to provide
> for a readily foreseeable consequence, 4) a complete
> lack of diligence ...[,] 5) whether the inadvertence
> resulted despite counsel's substantial good faith efforts
> towards compliance.... [or 6) ] whether the enlargement
> of time will prejudice the opposing party.
>
> [citation omitted]  The court concluded that none of
> The factors listed above militated against a finding of

> Excusable neglect in *Dominic* and held that the district
> court had not abused its discretion in excusing the
> incomplete service. [citation omitted]

Based upon this case law and the facts of this case, the Court should

deny the Motion for the following reasons.

First, Magistrate Judge Kobayashi recognized that the initial

settlement agreement provided that Plaintiffs were entitled to attorney's fees

and costs. Thus, prevailing party status would not have been an issue and

there was no reason for Plaintiffs to delay in filing the Motion.

Second, the initial settlement agreement specifically provided that

Defendants were not admitting liability and were paying only to compromise

disputed claims. This obviated any need for a determination of prevailing

party status and contradicted the argument presented by Plaintiffs that they

were confused or misled about what they should do. Any confusion was

caused only by Plaintiffs' failure to simply comply with the stipulation

approved by Magistrate Judge Kobayashi. There is no indication that

Defendants somehow misled Plaintiffs into believing they were not required

to comply with the stipulation.

For these reasons, under the facts of this case, the Court should deny

Plaintiff's Motion.

CONCLUSION

For the reasons discussed above, the Motion should be denied.

DATED:    Honolulu, Hawaiʻi, August 28, 2008.

_____

STEVE K. MIYASAKA
Deputy Attorney General

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| B.T., by and through his Mother, MARY T., | CIVIL NO. 08-00356 DAE-BMK |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAI'I, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendants' Objection to Report of

Special Master on Plaintiffs' Motion for Award of Attorneys' Fees and

Costs was duly served upon the following individual by mailing the same to

him, postage prepaid, at the following address on August 28, 2008:

> Carl M. Varady, Esq.
> American Savings Bank Tower
> 1001 Bishop Street, Suite 2870
> Honolulu, Hawai'i 96813

STEVE K. MIYASAKA
Deputy Attorney General
Attorney for Defendant

298949_1.DOC