IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LOVELAND ACADEMY L.L.C.,       )    CIVIL NO. 02-00693 HG-LEK
PATRICIA DUKES, PH.D, and      )
PARENTS AT LOVELAND SCHOOL,    )
                               )
              Plaintiffs,      )
                               )
         vs.                   )
                               )
PATRICIA HAMAMOTO,             )
Superintendent of the Hawaii   )
Department of Education,       )
HERBERT S. WATANABE,           )
Chairperson, Hawaii Board of   )
Education,                     )
                               )
              Defendants.      )
                               )
_____

**ORDER ADOPTING REPORT OF SPECIAL MASTER ON PLAINTIFFS' MOTION FOR
AWARD OF ATTORNEYS' FEES AND COSTS
AND
DENYING DEFENDANTS' OBJECTION THERETO**

The Special Master has acted to review and prepare a report
and recommendation on the Plaintiffs' Motion for an Award of
Attorneys' Fees and Costs filed August 13, 2008.  The underlying
action involves a lengthy dispute between the State of Hawaii
Department of Education ("DOE") and Loveland Academy L.L.C. over
the provision of educational services to certain children under
the Individuals with Disabilities Education Act.

The Defendants have filed an objection to the Report and
Recommendation "only in so far as it was found that Plaintiffs'
failure to file [their motion for attorneys' fees and costs]

1

within the requested time period constituted 'excusable neglect.'" (Defendants' Motion filed August 25, 2008, p.4)

## STANDARD OF REVIEW

A magistrate judge or special master may be assigned to prepare findings and recommendations for a district judge on a matter that is dispositive of a claim. Fed. R. Civ. P. 72(b). If a party to the proceedings objects to the magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge with further instructions. Raddatz, 447 U.S. at 673-74.

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. See Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992). The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

## ANALYSIS

Defendants' objection involves the failure of Plaintiffs to file their motion for attorneys' fees and costs in conformity

with the time line set out in Magistrate Judge Kobayashi's
Stipulation and Order entered on July 27, 2004 which stated:

> [T]he Plaintiff shall file their motion asking the
> Court to determine the attorneys' fees and costs not
> less than sixty (60) days and not more than seventy-
> five (75) days after the date the Special Master
> submits his report to the Court.

In Plaintiffs' Reply (filed July 3, 2008) to Defendants'
opposition to Plaintiffs' Motion for Attorneys' Fees and Costs
they explain their reasons for filing later than as contemplated
in the Stipulation and Order of July 27, 2004.  The reasons
include the unanticipated conclusions of the Special Master John
Candon as to the financial obligation of the parties and the
subsequent treatment of those findings by the Court.

Plaintiffs' did file their Motion for Attorneys' Fees and
Costs in conformity with Local Rule 54.3(a), within fourteen days
of entry of Judgement.

Defendants dispute the conclusion that the Plaintiffs
reasons amount to "excusable neglect" when failing to follow the
Court ordered time line of the July 27, 2004 Stipulation and
Order.  Here we adopt the reasoning of the Magistrate Judge in
finding "excusable neglect."  This case has been before the Court
since 2002.  It is economically complex and involves important
issues concerning the efforts of both parties to provide for the
educational needs of disabled students.  There were unexpected
twists and turns that the Court believes warrant finding

excusable neglect on the part of Plaintiffs.  Defendants agreed to pay attorneys' fees and costs in their Settlement Agreement placed on the record on May 4, 2004.  The Defendants are not prejudiced by the filing of the Motion for Attorneys' Fees and Costs within the time frame required by Local Rule 54.3(a).

<u>**CONCLUSION**</u>

For the foregoing reasons,

(1)  The Special Master's Report and Recommendation is ADOPTED; and

(2)  The Defendants' Objection to Report of Special Master on Plaintiffs' Motion for Award of Attorneys' Fees and Costs is DENIED.

IT IS SO ORDERED.

Dated:    Honolulu, Hawaii, September 9, 2008.



_/s/ Helen Gillmor_
Chief United States District Judge

---

<u>Loveland Academy, L.L.C., Patricia Dukes, Ph.D., and Parents at Loveland School v. Patricia Hamamoto and Herbert S. Watanabe</u>; Civ. No. 02-00693 HG-LEK; **ORDER ADOPTING REPORT OF SPECIAL MASTER ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND DENYING DEFENDANTS' OBJECTION THERETO**